UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR OLIVO,

        Petitioner,

v.                                      CASE NO. 2:06-cv-10733
                                         HONORABLE VICTORIA A. ROBERTS
BLAINE LAFLER,                     MAGISTRATE JUDGE CAPEL

        Respondent.
_____/

## ORDER OF DISMISSAL

        This matter is pending before the Court on petitioner Hector Olivo's application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for first-degree home invasion and possession of a loaded firearm in a motor vehicle. The Michigan Court of Appeals conditionally affirmed Petitioner's convictions in 2003, and the Michigan Supreme Court denied leave to appeal on June 30, 2004.

        Petitioner signed and dated his habeas petition on February 2, 2006, and the Clerk of Court filed his case on February 17, 2006. The issues are whether:

    A.    Appellant was deprived of his [Fifth and Fourteenth Amendment] rights of due process by prosecutorial overcharge;

    B.    Appellant was deprived of his [Fifth and Fourteenth Amendment] rights of due process when the prosecutor failed to afford defense counsel certain discovery until trial;

    C.    Appellant was deprived of his [Fifth and Fourteenth Amendment] right of due process when the evidence in his case was co-mingled with the evidence of charges against a co-participant;

    D.    Defendant is entitled to a new trial because his purported waiver of

      his Sixth Amendment right to a jury trial was invalid where the court failed to establish that the waiver was knowing, voluntary and intelligent with eyes wide open, US Const Amend VI; Const 1963, Art 1, §§ 14, 20;

E.     Defendant was denied his Sixth Amendment right to effective assistance of counsel where his trial counsel: 1) failed to assure that Defendant's waiver of a jury trial was a knowing, voluntary, and intelligent waiver; 2) conceded Defendant's guilt to first degree home invasion during his terse closing arguments and lowered the State's burden of proof, contrary to Defendant's not guilty plea, Fourteenth Amendment due process clause guarantees, and MCR 6.302(B)-(E) mandates of an understanding, voluntary and accurate plea; and 3) represented indigent Defendant while being seriously underpaid, understaffed, with an unbearable caseload due to systemic failures in funding in the Wayne County Circuit Court. US Const Amend VI; Const 1963, Art 1, §§ 17, 20;

F.     It was reversible error for the trial court not to determine whether Defendant's last statement was voluntary, and it was clearly erroneous for the trial court not to suppress the last statement purported to be Defendant's confession;

G.     It was ineffective assistance of counsel not to raise the issue of the validity of the last statement purported to be Defendant's confession at trial;

H.     It was ineffective assistance of trial counsel not to object to the use of a photo array at a time when Defendant was in custody; and

I.     The trial court erred in finding Appellant's March 30, 2001 statement to be voluntary and the statement should have been suppressed due to his lack of understanding of the English language as well as the coerced confession by police officers which is clearly a violation of the Fourteenth Amendment and *Miranda*.

Petitioner filed a similar habeas petition in this District on January 26, 2006. *See Olivo v. Lafler*, No. 5:06-cv-10358 (E.D. Mich. Jan. 26, 2006).

      "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citations

> omitted).  A district court, as part of its general power to administer its docket, "may stay or dismiss a case that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).  If the duplicative case has been filed by a prisoner proceeding in forma pauperis, the district court has the option of dismissing it as frivolous pursuant to § 1915(e)(2)(B)(i).  *See McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir. 1997) (affirming dismissal of duplicative suit as frivolous).

*Piedra v. Aguirre*, 125 Fed. Appx. 968, 969 (10th Cir. 2005) (unpublished opinion).  A district court's dismissal of a case as being duplicative of another case or as frivolous is reviewable for abuse of discretion.  *Id.*

The habeas petition pending before this Court challenges the same convictions and raises the same claims as the habeas petition in case number 5:06-cv-10358, which is pending before United States District Judge John Corbett O'Meara.  Furthermore, the parties and the available relief are the same.  Therefore, this action is DISMISSED as duplicative of case number 5:06-cv-10358.

                                                                  S/Victoria A. Roberts
                                                                  Victoria A. Roberts
                                                                  United States District Judge

Dated:  March 7, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 7, 2006.
>
> s/Carol A. Pinegar
> Deputy Clerk

3